```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**ROBERT D. LAMBERT, #16846**                                    **PETITIONER**

VS.                               CIVIL ACTION NO. 3:04-CV-299-WHB-JCS

**ROBERT MINGO AND**
**JIM HOOD, ATTORNEY GENERAL**                                   **RESPONDENTS**
_____

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

### Procedural History

Robert Lambert was convicted of burglary and sexual battery in the Circuit Court of Lincoln County, Mississippi, after a jury trial conducted on August 30, 1996. He was subsequently sentenced to a term of eight years for the burglary, with the last five years to be served on post-release supervision, and to a term of eight years for the sexual battery, with the last six years to be served on post-release supervision. The sentences were to be served in the custody of the Mississippi Department of Corrections. **Exhibit A to Respondents' Answer.**

On direct appeal, Lambert assigned as error the following:

    A.   The trial court erred in denying the appellant's motion to suppress certain audio tape recordings as introduced by the State at trial.

    B.   The trial court erred in allowing the State to comment and have testimony of other alleged, but uncharged crimes of the appellant, over objection, to the extreme prejudice of the appellant.

    C.   The trial court erred in allowing the State to vouch for and bolster the testimony of the prosecutrix in this case.

    D.    The trial court erred in allowing jury instruction 9, 10, 11 as being duplicative and confusing to the jury in this cause.

    E.    Reversible error occurred when the trial court allowed the State's impermissible comments of the Defendant's silence, over objection, in closing arguments.

    F.    The verdicts of the jury are against the overwhelming weight of the credible evidence adduced at trial and contrary to the law in this state.

    G.    The cumulation of error in this trial requires reversal.

On August 18, 1998, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in an unpublished opinion. <u>Lambert v. State</u>, Cause No. 96-KA-00995-COA. **Exhibit B.** Lambert did not request rehearing or petition the Mississippi Supreme Court for a writ of certiorari.

According to the State, the records of the Mississippi Department of Corrections confirm that Lambert was released on ERS (Earned Release Supervision) on August 30, 2000. After his release on ERS, on or about February 10, 2001, he began serving the post-release supervision portion of his sentence. He was later charged with violating the terms of his probation, and on January 27, 2003, a probation revocation hearing was conducted by the circuit court. By Order filed February 7, 2003, Lambert's probation was revoked by that court. **Exhibit C.**

Lambert then filed a *pro se* Petition for Post-Conviction Relief in the Lincoln County Circuit Court.  It was denied by Order of the trial court filed October 13, 2003.  **Exhibit D.** Lambert appealed this decision to the Mississippi Supreme Court, raising the following grounds for relief, including:

> A.  Petitioner was denied due process during his revocation hearing by being sentenced by the court twice in violation of the due process clause of the 14th Amendment of the U.S. Constitution.
>
> B.  Petitioner's sentence was imposed after he had already been sentenced for violating his probation, and this violates the double jeopardy clause of the 5th Amendment of the U.S. Constitution.
>
> C.  The perjured testimony used to reopen his revocation hearing after he had already been sentenced by the court violates the due process of the 14th Amendment to the U. S. Constitution.
>
> D.  Petitioner's sentence that he is now serving is illegal and violates the due process clause of the 14th Amendment of the U. S. Constitution.

In the argument portion of his brief, Lambert expanded his claims to include a charge that the prosecutor was vindictive in his request to reopen the hearing.

On October 26, 2004, the Mississippi Court of Appeals affirmed the lower court's denial of post-conviction relief in a written opinion.  Lambert v. State, _ So.2d__, 2004 WL 2384334 (Miss. App. 2004) (Cause No. 2003-CP-02386-COA).  **Exhibit E.**

On April 30, 2004, Lambert filed the Petition for Writ of Habeas Corpus in the instant cause, raising the following issues:

> 1.  Denied due process by being sentenced twice in violation of the 5th and 14th Amendments of the U. S.

Constitution. At 1st revocation hearing, petitioner was sentenced as follows: (1) six months house arrest (2) 42 day A&D program and anger management program. Some 3 or 4 hours later the D.A. requested the hearing be reopened and after beginning a prosecuting stage at a 2nd hearing, the Judge then revoked 3 years of suspended time, therefore sentencing petitioner twice for the same violation.

2. Violation of due process of the 14th Amendment of the U.S. Constitution. The D.A. knowingly used a false statement to have the revocation hearing reopened and began a prosecuting stage. The D.A. led and coerced the witness into giving perjured testimony against petitioner and this is evident from the transcript of the proceedings.

3. Violation of due process of the 14th Amendment of U.S. Constitution by being vindictive to petitioner. It was a vindictive act for the D.A. to reopen the hearing using false statements and testimony after the Judge has passed sentence. It was a vindictive act by getting the petitioner a harsher sentence by using such evidence as false statements and perjured testimony.

4. Violation of due process of the 14th Amendment of U. S. Constitution by violating petitioner's fundamental rights. Petitioner asserts his fundamental rights were violated when the prosecution started a stage of prosecution by calling witnesses, giving testimony, asking questions. The hearing was over and sentence given and then the DA reopened and used perjured testimony to prosecute petitioner. Probation revocation proceedings do not constitute a stage of criminal prosecution.

On May 28, 2004, the State filed a Motion to Dismiss for Failure to Exhaust. In the Report and Recommendation entered by Magistrate Judge Alfred G. Nicols on January 24, 2005, it was recommended that the motion be denied as moot because the Mississippi Court of Appeals ruled on Lambert's appeal after the motion was filed. On March 4, 2005, District Judge William H. Barbour, Jr., entered an Order adopting the Report and

Recommendation and denying the State's Motion to Dismiss as moot. The State filed its Answer to this petition on August 8, 2005.

## **Standard of Review**

The Petition was filed pursuant to 28 U.S.C. § 2254, which was amended by the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"].  The exhaustion requirement is still a mandatory prerequisite to federal habeas relief.  The amended statute provides in part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(I) there is an absence of available State corrective process; or
>
>    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, a federal habeas petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the

claims. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Carter v. Estelle, 677 F.2d 427, 442 n.10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). It is a "fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state court prior to requesting federal collateral relief." Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995) (on remand from Supreme Court), *cert. denied*, 516 U.S. 1050 (1996).

In the cause now before the Court, the issue is whether or not the claims contained in the Petition have been properly exhausted in the Mississippi courts and, if not, whether they are barred from review on the merits by this federal court.

### **Facts**

The facts of this case are set forth in the Mississippi Court of Appeals' decision. The Petitioner and Katherine Smith began dating in September, 1995, living together for a three month period. Smith testified that after they broke up, she still had sexual relations with Lambert because he would leave her alone afterwards for two or three days. On April 7, 1996,

Lambert entered her father's trailer through a window while Smith was asleep there.  She attempted to call the police, but the telephone lines had been cut.  Smith and Lambert then had sexual relations.  On April 8, 1996, Lambert began calling Smith incessantly at work.  She began recording the conversations.  She told him she did not want to see him again.  On April 9th, Smith spent the night with friends.  She awoke to a sound and found Lambert in the trailer with a gun.  He had broken the door chain.  They again had sexual relations, and Smith drove Lambert to his car the next morning.

The jury found him guilty of burglary and sexual battery. In February, 2001, he was released from prison on post-release supervision.  Thereafter, he was found guilty of domestic violence in Lincoln County, and the court ordered him to serve thirty days in the Pike County Jail.  Due to this conviction, a revocation hearing was conducted on January 27, 2003.  The Petitioner admitted the allegations in the revocation petition, stating that he was drinking too much and needed treatment for his alcoholism and for his anger and depression.  After hearing testimony from Ms. Jeanie Blalock, Lambert's girlfriend, the court found that Lambert had violated the terms of his probation due to the domestic violence incident which occurred on January 14, 2003.  His post release supervision was revised to require him to have alcohol treatment and anger management treatment after he was released from the domestic violence jail sentence.

A few hours later, on January 27th, the district attorney requested that Lambert's case be reopened, and the court agreed to do so. C.P. 23. The grounds for the reopening were that Ms. Blalock had felt intimidated by the large number of witnesses in the courtroom, including Lambert. Clerk's Papers, 22. Ms. Blalock again testified, giving more details of the domestic violence crime. C.P. 23-27. She testified that Lambert slammed her head into a mail box, threatened her, tore off her clothes, including her undergarments, and sprayed her in the face with a fire extinguisher. He dragged her by the feet and tried to make her leave while she was naked. He cut the telephone wires to the house where she had fled for safety, Lambert's mother's home. C.P. 23-27. Ms. Blalock testified that this was the fourth occasion that she had been assaulted by Lambert. C.P. 25.

Lambert was allowed an opportunity to cross-examine Ms. Blalock, as well as an opportunity to respond to the charges. C.P. 25. After the testimony at the reopened hearing, the court revoked Lambert's probation and sentenced him to complete his three years suspended sentence at Parchman. C.P. 26.

All of Lambert's grounds for relief in this habeas cause relate to his revocation hearing and his sentencing on the revocation. Lambert does not attack his initial conviction and sentence, and the trial transcript has not been included in the record of this cause.

**Analysis of the Issues and the Applicable Law**

The State contends that all of the issues set forth in this habeas cause are procedurally barred due to Lambert's failure to properly complete the State's appeal process regarding the issues he presents herein on his revocation and sentencing. After the Court of Appeals rejected these claims on the merits in its decision on Lambert's post-conviction motion, Lambert did not request a rehearing or seek review by writ of certiorari to the Mississippi Supreme Court. Therefore, citing the O'Sullivan case, the State contends that these issues were not fully exhausted before the state's highest courts. Because a return to the state courts would now be fruitless due to the passage of time, the State concludes that the claims have been procedurally defaulted and are now barred from federal review under Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

The Mississippi Legislature created the Court of Appeals in 1993 to relieve the large caseload handled by the Mississippi Supreme Court, and the Court of Appeals began operating in January, 1995. All direct appeals are first filed with the Mississippi Supreme Court, but that Court has the total discretion to assign cases to the Court of Appeals except in death penalty cases and all cases "involving utility rates, annexations, bond issues, election contests, or a statute held unconstitutional by the lower court." MISS. CODE ANN §9-4-3(1); MISS.R.APP.P.16(b). Rule 17(a) of the Mississippi Rules of Appellate Procedure provides in part as follows:

> A decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari. Review on writ of certiorari is not a matter of right, but a matter of judicial discretion.  The Supreme Court may grant a petition for writ of certiorari on the affirmative vote of four of its members and may, by granting such writ, review any decision of the Court of Appeals. Successive review of a decision of the Court of Appeals by the Supreme Court will ordinarily be granted only for the purpose of resolving substantial questions of law of general significance . . . .

Rule 17 further provides that review will ordinarily be limited to cases wherein the Court of Appeals' decision conflicts with a prior decision of either court; cases in which the Court of Appeals has not considered a controlling constitutional provision; and, cases which should have been decided by the Supreme Court because required by statute or the rules, or because they involve fundamental issues of broad public importance requiring determination by the Supreme Court.  The Rule does provide that the Court may decline review even if the factors may be present and may grant review even in the absence of these factors.  Hence, the decision as to whether to grant review is totally discretionary with the Mississippi Supreme Court.

Prior to the <u>O'Sullivan</u> case, this Court did not consider a request for writ of certiorari to be necessary under the Mississippi appellate plan in order for a prisoner to have exhausted his state remedies.  This was due to several factors,

including the fact that the State did not consider such claims to be unexhausted.  Also, an appellant **does** present his appeal to the State's highest court by filing a direct appeal; it is the Mississippi Supreme Court's decision to assign the case to the intermediary Court of Appeals for an opinion on the direct appeal.  As earlier stated, the review is totally discretionary with the Court, and such reviews are infrequently granted.  Court appointed attorneys are not required to make such requests, and their appointment ends at the conclusion of the direct appeal, even if it is rendered by the Court of Appeals.

In the O'Sullivan case, the United States Supreme Court considered the issue of whether a prisoner had exhausted his remedies in the State of Illinois prior to requesting federal habeas.  The Illinois statutory scheme for appeals is nearly identical to the Mississippi plan as outlined above, in that most criminal appeals are heard first by an intermediate appellate court, the Appellate Court of Illinois.  O'Sullivan, 526 U.S. at 843.  A party may then petition for leave to appeal a decision by the Appellate Court to the Illinois Supreme Court but the decision as to whether the Court will grant the petition is entirely discretionary with the court.  The Court in O'Sullivan clearly held that the request for discretionary review must be made by a prisoner in order for the claims to be fully exhausted, and that the failure to timely do so in that case resulted in Boerckel having procedurally defaulted his claims.

11

The Respondents' stance in Lambert's situation is supported by O'Sullivan, and the undersigned is compelled to follow its holding.  Therefore, Lambert was obliged to present his constitutional claims to the State's highest court in a procedurally proper manner, i.e., request a writ of certiorari after the Mississippi Court of Appeals denied relief on his direct appeal.  He did not do so, and has not yet exhausted his state court remedies.

The Court could dismiss this petition without prejudice in order to allow Lambert to return to the state court's to complete the review process.  Yet, he would not now be allowed to complete the review, as a petition for writ of certiorari would now be time-barred, as it must have been made within fourteen days after a motion for rehearing is denied by the Mississippi Court of Appeals.  MISS. R.APP.P. 17 (b).  The Mississippi Supreme Court would certainly deny Lambert an appeal of the court of appeals' decision at this late date, so a return to the state courts would be futile.

When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless "judicial ping-pong' and hold the claim procedurally barred from habeas review."   Sones, 61 F.3d at 416, *quoting* Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).   *See also* Magouirk v. Phillips, 144 F.3d 348, 360 (5th Cir. 1998) (an inmate's failure to present claims to the proper state court creates a procedural

default for purposes of federal habeas review); Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.")

This rule is grounded in concerns of comity and federalism. Rosales v. Dretke, __ F.3d __, 2006 WL 846266 at *4 (5th Cir. April 3, 2006). A "habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Id., citing Coleman, 501 U.S. at 730.

Absent exceptional circumstances, this Court cannot now consider the merits of the claims. *See* Teague v. Lane, 489 U.S. 288 (1989); Engle v. Issac, 456 U.S. 107, 124-29 (1982).

In Coleman v. Thompson, 501 U.S. 722 (1991), the United States Supreme Court clearly addressed the exceptional circumstances required in order for the federal courts to excuse a state defaulted claim as follows:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate *cause for the default* and *actual prejudice* as

13

> a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a *fundamental miscarriage of justice. . .*

(Emphasis added).

In general, to show cause, a petitioner must demonstrate "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." McCleskey v. Zant, 499 U.S. 467, 488 (1991).  If a petitioner fails to show cause for his procedural default, the court need not address the prejudice prong of the test.  *See* Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996); Engle, 456 U.S. at 134 n. 43 (1982);  Meanes v. Johnson, 138 F.3d 1007, 1011 (5th Cir. 1998).

Lambert has not asserted any facts which would establish the requisite "cause" for his default of these claims in state court, other than his general allegations that he was *pro se*.  The fact that he was  *pro se* in his post conviction motion does not establish cause for the default.  *See* Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992) (neither petitioner's *pro se* status nor his allegedly inadequate research constitutes "cause"); Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir. 1990),  *cert. denied*, 498 U.S. 834 (1990) (neither petitioner's nonlawyer status nor alleged poor advice from inmate law clerks constitutes "cause"; failure to file for state post-conviction relief within state statutory limitations bars federal habeas relief).

Examples of objective factors which have been found to constitute *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." McCleskey, 499 U.S. at 488.  Lambert has not and cannot show such a reason to overcome the default.

Lastly, the Court finds that the failure of this court to consider Lambert's claims will not result in the "fundamental miscarriage of justice" under Coleman.  A miscarriage of justice in this context means that the petitioner is actually innocent of the crime for which he was convicted.  Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992); Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001).  To support an innocence claim, a petitioner must support his allegations with "new, reliable evidence that was not present at trial" and that would show that it was "more likely than not" that no reasonable juror would have convicted him with this new evidence.  Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).  In this case, Lambert must present new, reliable evidence that he was "innocent" of the charges which caused his sentence to be revoked.  Instead, he admitted to the crime in open court at the revocation hearing, claiming he did it due to alcohol consumption.  C.P. 20.  His unsubstantiated and conclusory allegation that the testimony against him was perjury is insufficient to overcome the court's decision or his own sworn testimony.

15

No fundamental miscarriage of justice will result if this Court is barred from reviewing Lambert's claims. This Court is procedurally barred from reviewing the merits of grounds 1 & 3.

## **CONCLUSION**

We have thoroughly reviewed the record regarding Lambert's revocation and sentencing. However, for the reasons discussed herein, we find that he failed to exhaust his state court remedies regarding the issues contained in this habeas petition. Because Lambert would now be barred from returning to the state courts to exhaust, these issues presented by Lambert are barred from this Court's review. Alternatively, we find that the grounds set forth in the petition should be dismissed on the merits.

It is therefore the recommendation of the undersigned United States Magistrate Judge that the petition of Robert D. Lambert be dismissed with prejudice and that a Final Judgment in favor of the Respondents be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 1st day of May, 2006.

                S/ James C. Sumner
            UNITED STATES MAGISTRATE JUDGE